IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Harvie Payne,<br><br>                   Plaintiff,<br><br>vs.<br><br>Theo Jacobs, CCOH, and<br>Charleston County,<br><br>                   Defendants. | Civil Action No. 6:12-186-DCN-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the *pro se* plaintiff's motions for preliminary injunction (docs. 34, 42). The plaintiff, a pretrial detainee at the Charleston County Detention Center ("CCDC"), alleges in his complaint that the defendants have been deliberately indifferent to his serious medical needs.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The plaintiff has been confined at the CCDC since May 29, 2011. He asks in his virtually identical motions that the court issue an preliminary injunction requiring the defendants to make referrals and transport him to the Veteran's Administration ("VA") and Medical University of South Carolina ("MUSC") for treatment of his prostate cancer, perform blood tests, and provide him with a therapeutic diet.

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that

the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies).

Here, the plaintiff has failed to demonstrate the requirements for a preliminary injunction. The defendants submitted a response supported by the affidavit of Dawn Frazier, the Director of Nursing at Carolina Center for Occupational Health ("CCOH"). Ms. Frazier testifies that since May 2010, the plaintiff has been evaluated on no less than 48 clinical visits. On June 28, 2011, the plaintiff was seen by Dr. Jacobs regarding complaints of asthma, diabetes, and prostate cancer. The plaintiff told Dr. Jacobs that he had been diagnosed with prostate cancer six years ago but had refused treatment because it had not been shown to prolong life. On August 11, 2011, the plaintiff had blood tests done to determine his PSA levels. When he was seen for lab results he told the physician's assistant that he did not want conventional cancer treatment and that he thought he could control his cancer with diet. He was repeatedly advised by medical staff that the CCDC and CCOH were willing to provide reasonable and conventional care, but are unable to accommodate his diet requests. On January 6, 2012, the plaintiff asked for a referral to MUSC at a sick call visit. The referrals were made to MUSC, but they have not been accepted. On February 23, 2012, the plaintiff was seen by Dr. Jacobs, and the plaintiff informed Dr. Jacobs that he would seek treatment when he was released (Frazier aff. 1-2).

According to the Code of Federal Regulations, the plaintiff is not entitled to covered medical treatment at the VA while he is incarcerated. 38 C.F.R. § 17.38(c)(5). *See Payne v. Fennell,* C.A. 6:11-2011-DCN-KFM, docs. 45, 46. Additionally as discussed above, medical staff have made referrals for plaintiff to have treatment at MUSC, but those referrals have not been accepted.

2

The plaintiff is asking the court to issue an order that would in effect require the defendants to transport the plaintiff to the VA or MUSC *and* would require the VA or MUSC to provide plaintiff with medical treatment. Since the treatment the plaintiff is seeking is from an outside medical facility over which the defendants have no control, the plaintiff's request for a preliminary injunction is misdirected and should be denied.

With regard to the plaintiff's request for additional blood tests, these were ordered and completed in April 2012, and therefore, this portion of plaintiff's motion is now moot (doc. 44 at p. 3). The plaintiff was informed of the results of his recent blood tests as is shown in another motion for preliminary injunction dated May 3, 2012, which counsel received by mail but was not filed with the court (doc. 41-2).

The plaintiff's request for a therapeutic diet has been addressed several times by this court in another of his cases, *Payne v. Fennell*, C.A. No. 6:11-2011-DCN-KFM, docs. 32, 98 56, 68. In that case, the plaintiff made several motions for preliminary injunction seeking a therapeutic diet. For the reasons stated in the reports and orders regarding those motions, the plaintiff has not shown that he is entitled to a preliminary injunction in this regard.

Based upon the foregoing, the motions (docs. 34, 42) should be denied.

s/ Kevin F. McDonald
United States Magistrate Judge

May 24, 2012
Greenville, South Carolina

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.